### Mutual Protective League v. Bessie Raef.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless it is clearly and manifestly against the weight of the evidence.

Assumpsit. Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

D. R. KINDER, for appellant.

PARKER & CROWLEY, for appellee.

PER CURIAM. This was an action of *assumpsit* in the Circuit Court of Crawford county, by appellee against appellant, to recover upon two insurance certificates, issued and delivered by appellant to Mattie Raef, mother of appellee. Trial by jury. Verdict in favor of appellee for $1,026. Remittal of thirty-one cents. Judgment on the verdict for $1,025.69, with costs.

The jury returned, with their general verdict, answers to special interrogations as follows: "1. Had Mattie Raef, the deceased, personally consulted a physician, been prescribed for, or professionally treated for sickness or accident in five years preceding the

time she signed the application in evidence?" A. No. "2. Was the deceased, Mattie Raef, at the time of making her application for Certificate No. 32,710, in evidence before you, in good health?" A. Yes. "3. Did the deceased, Mattie Raef, at the time of making her application for Certificate No. 32,710, in evidence before you, have any disease that tended to shorten her life?" A. No. "4. Was the deceased, Mattie Raef, at the time of making her application for Certificate No. 32,710, in evidence before you, afflicted with the disease of cancer?" A. No.

The declaration was in the usual form applicable to such cases. To this declaration appellant pleaded the general issue, and filed notice of special matter of defense, in substance as follows: "that statements made in her application and to the medical examiner that she was in good health, that she was not afflicted with cancer or scrofula, were untrue; that facts within her knowledge as to her physical condition and personal history tending to shorten her life were not stated in her application or made to the medical examiner; that false and untrue statements were made therein as to her having consulted a physician or been prescribed for; that answers and statements were made in her application which were not true, rendering the certificate null and void."

Appellee, the plaintiff below, made a *prima facie* case, and rested. It then devolved upon appellant, the defendant below, to prove by a preponderance of the evidence, sufficient of the special matter set up in its notice, to constitute a legal bar to plaintiff's case as made, and this, we think, the jury was warranted in finding it failed to do. We regard the verdict and special findings of the jury as conclusive under the evidence in this case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*